UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

RAFIA LAWAL,                                          :
                                                     :
                        Plaintiff,                   :           22-CV-8490 (JHR) (OTW)
                                                     :
                    -against-                        :           **OPINION & ORDER**
                                                     :
EARTH'S ELEMENTS,                                    :
                                                     :
                        Defendant.                   :
                                                     :
                                                     :
---------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

I.      **INTRODUCTION**

Plaintiff in this website accessibility case has moved for sanctions — including

dispositive sanctions — for Defendant's tardy discovery responses. (ECF 29). Because

dispositive sanctions are not warranted at this time, I am addressing this motion by opinion and

order.

Plaintiff filed this case on October 5, 2022 (ECF 1) and initial attempts at an early

settlement were not successful. Thus, the parties proceeded in discovery, with a fact discovery

end date of May 13, 2023. (ECF 19). Plaintiff served discovery demands on Defendant in

December 2022. Defendant did not timely respond to the demands, and apparently told

Plaintiff they "were working on getting responses" when Plaintiff contacted them in March

2023. *See* ECF 31 at 5. No issues were raised with the Court until May 1, 2023, when Plaintiff

notified the Court that Defendant still had not responded to the discovery demands. (ECF 20).

The Court issued two orders directing Defendant to respond to Plaintiff's letter. (ECF Nos. 21,

22). Defendant did not respond to these orders, and failed to either address either the

substance of the dispute or provide the discovery responses, which by then were about four months overdue. Defendant then failed to appear at a discovery conference on June 27, 2023, at which time the Court set a briefing schedule for Plaintiff to move for sanctions. (ECF Nos. 27, 33 at 4). Spurred by this final threat of sanctions and default, Defendant provided its discovery responses on July 4, 2023. *See* ECF 31 at 5. Plaintiff moved for sanctions on July 7, 2023 (ECF 29), and this motion was fully briefed by July 28, 2023. (ECF 35).

## II.    DISCUSSION

The Court has broad discretion under FED. R. CIV. P. 16 and 37, as well as its own inherent authority, to fashion an appropriate sanction for failure to comply with its orders. *See, e.g., Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 WL 337561, at *2 (S.D.N.Y. Jan. 23, 2015). Here, Defendant was derelict numerous times in failing to timely serve discovery responses and in failing to appear at a discovery conference. The conference was scheduled expressly to address these issues in a more efficient manner than through written motion practice. Although Defendant expresses some regret for missing these deadlines by admitting that the responses were "extremely late" and that "some sanctions are warranted for its dilatoriness," (ECF 31 at 5), Defendant and their counsel, David Stein, proffer no good reason or cause for their complete disregard of the court's directives. A financial sanction is warranted for the delay, which necessitated no fewer than three interim orders and full briefing of this sanctions motion.

Plaintiff also bears some responsibility for this delay, however, for failing to keep discovery moving. Plaintiff served her first set of interrogatories and requests on Defendant's counsel on December 6, 2022, yet did not call Defendant's counsel to inquire about the missing

discovery in the case until March 3, 2023. *See* ECF 20 at 1. It also appears that although Plaintiff timely filed her reply to the motion for sanctions, she had not yet engaged or provided Defendant's responses to her expert. *See* ECF 35 at 4. Given the general range of financial recovery in these website accessibility cases, I find that directing Defendant to pay financial sanctions to Plaintiff would result in a windfall to Plaintiff.

### III.     CONCLUSION

Accordingly, it is hereby ordered that:

Plaintiff's motion to strike ECF 10 is **DENIED**.

Defendant shall pay a financial sanction of **$600**, equivalent to $100 per month that the discovery responses were overdue, to the Clerk of the Court by **January 30, 2024**.

The expert discovery deadline is extended to **January 30, 2024** to enable Plaintiff to confer with her expert if she has not already done so.

By separate order I will recommend that Judge Rearden enter a 21-day order in this case. This will enable the parties to determine whether and how they wish to litigate or otherwise resolve this case without further involvement of the Court. If Plaintiff intends to litigate, she will need to apply to Judge Rearden to reopen the case before that 21-day period expires, and provide a proposed schedule for trial or summary judgment because all other discovery is closed. If the case is settled or Plaintiff decides not to further prosecute the case, no action will need to be taken with the Court.

The Clerk of Court is respectfully directed to close ECF 29.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: January 16, 2024                **Ona T. Wang**
     New York, New York            United States Magistrate Judge